UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALVARO LEOS, SR., LANCE McCOOK, and LATOYA McCOOK, <br><br> *Defendants*. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 25-cv-00337 |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Amerisure Insurance Company and Amerisure Mutual Insurance Company name as defendants Alvaro Leos, Sr., Lance McCook and Latoya McCook, and submit this Original Complaint for Declaratory Judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57. In support of this Complaint, Amerisure Insurance Company and Amerisure Mutual Insurance Company respectfully show:

### I. PARTIES

1. Plaintiff Amerisure Insurance Company ("AIC") is a Michigan corporation with its principal place of business in Farmington Hills, Michigan.

2. Plaintiff Amerisure Mutual Insurance Company ("AMIC") is a Michigan corporation with its principal place of business in Farmington Hills, Michigan.

3. Defendant Alvaro Leos, Sr. ("Leos"), is an individual domiciled in the State of Texas. He may be served at 13230 Blanco Rd., #802, San Antonio, Texas 78216, or wherever he may be found.

4. Defendant Lance McCook is an individual domiciled in the State of Texas. He may be served at 13630 Forest Walk, San Antonio, Texas 78231, or wherever he may be found.

5. Defendant Latoya McCook is an individual domiciled in the State of Texas. She may be served at 13630 Forest Walk, San Antonio, Texas 78231, or wherever she may be found.

## II. JURISDICTION AND VENUE

6. The court has jurisdiction pursuant to 28 U.S.C. 1332(a) because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Venue is proper in the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. 1391(b)(1)-(2), in that the underlying lawsuit giving rise to the claims at issue is in this judicial district.

## III. FACTUAL BACKGROUND

8. Defendants are currently involved in a lawsuit arising out of a motor vehicle accident. The lawsuit is styled *Lance McCook, Latoya McCook, Plaintiffs, vs. System Controls and Instrumentation, LLC and Alvaro Leos, Sr., Defendants*, and is pending under Cause No. 2023CI12324 in the 57th Judicial District Court of Bexar County, Texas ("the Underlying Lawsuit"). Plaintiffs' Second Amended Petition in the Underlying Lawsuit, filed on March 11, 2024, is the live pleading and is attached as **Exhibit A.**

9. Plaintiffs in the Underlying Lawsuit allege that on August 10, 2021, at approximately 11:11 p.m., they were entering the parking lot of the HEB grocery store located at 11551 West Ave., in San Antonio, Bexar County, Texas, when Defendant Leos violently struck Plaintiffs' vehicle as he was exiting HEB's parking lot area. *Exhibit A*, ¶ 4.01-4.02.

10. Plaintiffs allege Leos was a permissive user operating a 2009 GMC Sierra pick-up truck with vehicle identification number 3GTEC13C19G205098 owned, controlled, maintained, and provided to him by his employer System Controls and Instrumentation LLC ("SCI"). *Id.*, ¶ 4.03

11. Plaintiffs allege SCI hired, qualified, and retained Leos as a driver of a company-owned take-home pick-up truck. *Id.*, ¶ 4.04.

12. Plaintiffs assert causes of action for negligence, negligence *per se*, and gross negligence against Leos. *Id.*, ¶¶ 5.01-5.08.

13. Additionally, Plaintiffs asserted Leos' alleged acts or negligence were committed while he was acting in the course and scope of his employment with Defendant SCI while he was on a mission on behalf of SCI, and, thus, they sought to recover against SCI on a theory of *respondeat superior*. *Id.,* ¶ 6.01.

14. Plaintiffs also asserted causes of action for negligent supervision, negligent training, negligent hiring, negligent entrustment, negligent retention, and gross negligence against SCI. *Id.*, ¶¶ 6.02-6.07.

15. The trial court entered an order granting SCI's Traditional and No Evidence Motion for Partial Summary Judgment on Gross Negligence on September 16, 2024. **Exhibit B.** The trial court entered an order granting SCI's Traditional and No Evidence Motion for Summary Judgment on all remaining causes of action against SCI on January 8, 2025. **Exhibit C.** The order included a severance of the claims against SCI, so that the order became final. *Id.* No appeal was made on the trial court's orders after the claims against SCI were severed.

16. AIC issued Business Auto policy number CA 20859800801, effective from February 6, 2021, to February 6, 2022, to System Controls & Instrumentation, LLC DBA SCI

("the Auto Policy"). The Auto Policy was delivered to SCI, in New Braunfels, Texas. The Auto Policy is attached as *Exhibit D.* The Auto Policy provides, in part, as follows:

\* \* \*

## BUSINESS AUTO COVERAGE FORM

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

…

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

…

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

…

\* \* \*

**TEXAS ADVANTAGE
COMMERCIAL AUTOMOBILE BROAD FORM ENDORSEMENT**

This endorsement modifies insurance provided under the

**BUSINESS AUTO COVERAGE FORM**

…

1. **BROAD FORM INSURED**

   **SECTION II – LIABILITY COVERAGE, A.1. Who Is An Insured** is amended by the addition of the following:

   …

   **e.** Any "employee" of yours using:

   **(1)** A covered "auto" you do not own, hire or borrow, or a covered "auto" not owned by the "employee" or a member of his or her household, while performing duties related to the conduct of your business or your personal affairs; or

\*\*\*

17. AIC is currently defending Leos in the Underlying Lawsuit subject to a reservation of rights.

18. As set forth in the insuring agreement of the Auto Policy, AIC will pay all sums an "insured" legally must pay as damages because of bodily injury. *Exhibit D*, Business Auto Coverage Form [CA 00 01 10 1], Page 2 of 12. The insuring agreement further provides AIC has no duty to defend any "insured" against any suit seeking damages for bodily injury to which the insurance does not apply. *Id.* AIC contends Leos does not qualify as an "insured" under the Auto Policy because: (1) he is not a named insured under the Auto Policy; (2) Leos was not using the vehicle he was operating with SCI's permission at the time of the accident made the basis of the Underlying Lawsuit; and (3) Leos was not using the vehicle he was operating while performing

duties related to the conduct of SCI's business or SCI's personal affairs. Because Leos does not qualify as an "insured" under the Auto Policy, the insurance does not apply.

19. AIC seeks a declaration from the Court that it owes no duty to defend or indemnify Defendant Leos for the claims asserted in the Underlying Lawsuit because he does not qualify as an insured under the Auto Policy.

20. AMIC issued Umbrella Liability policy number CU 20859830802, effective from February 6, 2021, to February 6, 2022, to System Controls & Instrumentation, LLC DBA SCI ("the Umbrella Policy"). The Umbrella Policy was delivered to SCI, in New Braunfels, Texas. The Umbrella Policy is attached as *Exhibit E.* The Umbrella Policy provides, in part, as follows:

\*\*\*

### COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

…

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the

limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend.

…

***

**SECTION II – WHO IS AN INSURED**

…

**2.** Only with respect to liability arising out of the ownership, maintenance or use of "covered autos":

    **a.** You are an insured.

    **b.** Anyone else while using with your permission a "covered auto" you own, hire or borrow is also an insured except:

…

***

21. As set forth in the insuring agreement of the Umbrella Policy, AMIC will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" to which this insurance applies. *Exhibit E,* Commercial Liability Umbrella Coverage Form [CU 00 01 04 13], Page 1 of 18]. The insuring agreement further provides that AMIC will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" when the "underlying insurance" does not provide coverage. *Id.* However, AMIC has no duty to defend the insured against any "suit" seeking damages for "bodily injury" to which the insurance does not apply. *Id.* AMIC contends Leos does not qualify as an "insured" under the Umbrella Policy because: (1) he is not a named insured under the Umbrella Policy; and (2) Leos was not

using the vehicle he was operating with SCI's permission at the time of the accident made the basis of the Underlying Lawsuit. Because Leos does not qualify as an "insured" under the Umbrella Policy, the insurance does not apply.

22. AMIC seeks a declaration from the Court that it owes no duty to defend or indemnify Defendant Leos for the claims asserted in the Underlying Lawsuit because he does not qualify as an insured under the Umbrella Policy.

### IV. CONCLUSION AND PRAYER

23. Amerisure Insurance Company and Amerisure Mutual Insurance Company respectfully request a judgment from this Court that (1) Amerisure Insurance Company does not owe a duty to defend Alvaro Leos, Sr., in the Underlying Lawsuit; and (2) Amerisure Insurance Company does not owe a duty to indemnify Alvaro Leos, Sr., for any claims or causes of action asserted in the Underlying Lawsuit; and (3) Amerisure Mutual Insurance Company does not owe a duty to defend Alvaro Leos, Sr., in the Underlying Lawsuit; and (4) Amerisure Mutual Insurance Company does not owe a duty to indemnify Alvaro Leos, Sr., for any claims or causes of action asserted in the Underlying Lawsuit. Amerisure Insurance Company and Amerisure Mutual Insurance Company further ask for such other relief to which they may be entitled in law or in equity.

Respectfully submitted,

*/s/Harrison H. Yoss*
Harrison H. Yoss
State Bar No. 22169030

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8259
Telecopy: (214) 871-8209
hyoss@thompsoncoe.com

**ATTORNEYS FOR PLAINTIFFS,
AMERISURE INSURANCE COMPANY and
AMERISURE MUTUAL INSURANCE
COMPANY**