FILED
3/11/2024 12:00 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Patricia Sarabia
Bexar County - 57th District Court

Case 5:25-cv-00337-JKP-ESC   Document 1-1   Filed 03/31/25   Page 1 of 13   5:25-cv-00337

CAUSE 2023CI12324

| | | |
|---|---|---|
| LANCE McCOOK and LATOYA McCOOK. | § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | 57TH JUDICIAL DISTRICT |
| SYSTEM CONTROLS AND INSTRUMENTATION, LLC and ALVARO LEOS, SR. | § § § § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

**PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION**

COMES NOW, LANCE McCOOK and LATOYA McCOOK and files this Plaintiffs' Second Amended Original Petition against SYSTEM CONTROLS AND INSTRUMENTATION, LLC ("SCI") and ALVARO LEOS, SR. ("Defendants"), and would respectfully show this Honorable Court the following:

**DISCOVERY CONTROL PLAN**

1.01   Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiffs files this petition under a Level 3 Discovery Control Plan.

**PARTIES**

2.01   Plaintiffs are residents of Bexar County, Texas.

2.02   Defendant Alvaro Leos Sr. is an individual who resides in Texas. Defendant Alvaro Leos Sr. is the driver of the subject vehicle involved in the subject accident. He answered and appeared.

2.03   Defendant, System Controls and Instrumentation, LLC is a business entity doing business in the State of Texas. Defendant SCI is the owner of the subject vehicle involved in the subject accident that was being driven by Defendant Alvaro Leos Sr. SCI answered and appeared herein.

2.04   Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "SCI, LLC" with regard to the events

described in this Petition. Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion or of the Court.

## JURISDICTION AND VENUE

3.01   Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

3.02   The Court has subject matter jurisdiction in this case because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of this Court as Plaintiffs, in compliance with Tex. R. Civ. P. 47, seeks monetary relief over one Million Dollars ($1,000,000.00) and a demand for judgment for all the other relief to which Plaintiffs are justly entitled at the time of filing this suit, which, with the passage of time, may change.

## FACTUAL BACKGROUND

4.01   According to the Texas Peace Officer's Crash Report, on August 10, 2021, at approximately 11:11p.m. in San Antonio, Bexar County, Plaintiffs were entering HEB's parking lot when suddenly, and without warning, Defendant Alvaro Leos Sr. in his SCI company vehicle violently struck Plaintiffs' as they was exiting HEB's parking lot area.

4.02   The HEB grocery store in question that Plaintiffs and Defendant patronized is located at 11551 West Ave., San Antonio, TX 78213.

4.03   Defendant LEOS was a permissive user operating a 2009 GMC Sierra pick-up truck with vehicle identification number (VIN) 3GTEC13C19G205098 that at all times relevant to this lawsuit was owned, controlled, maintained, and provided to him by his employer SCI LLC.

Plaintiffs' Second Amended Original Petition | Page 2

4.04   Defendant SCI hired, qualified, and retained Defendant LEOS as a driver of a company-owned take-home pick-up truck.

4.05   As a result, Plaintiffs suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

## CAUSES OF ACTION AGAINST ALVARO LEOS SR.

### A.   NEGLIGENCE

5.01   At the time and on the occasion in question, Defendant Leos committed acts and omissions, which collectively and separately constituted negligence. Defendant Leos had a duty to exercise ordinary care, meaning that degree of care that would be used by any individual of ordinary prudence under the same or similar circumstances. Defendant Leos breached that duty in one or more of the following, non-exclusive ways:

   a.   In failing to operate his vehicle in obedience to traffic laws and regulations;

   b.   In failing to operate his vehicle in a reasonable and prudent manner for the road, load and weather conditions;

   c.   In failing to maintain a proper lookout;

   d.   In failing to pay attention to the conditions of traffic; and

   e.   In failing to operate the vehicle in a non-negligent manner.

5.02   Such negligence, either singularly or in combination, proximately caused the injuries and damages to Plaintiffs.

Copy from re:SearchTX   **EXHIBIT A**

B. <u>NEGLIGENCE PER SE</u>

5.03   Further, Defendant Leos failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE § 545.401:

**§545.401 Reckless Driving**

- **(a)** A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

- **(b)** An offense under this section is a misdemeanor punishable by:

    **(1)** a fine not to exceed $200;
    **(2)** confinement in county jail for not more than 30 days; or
    **(3)** both the fine and the confinement.

- **(c)** Notwithstanding Section 542.001, this section applies to:

    **(1)** a private access way or **parking area provided for a** client or **patron by a business**, other than a private residential property or the property of a garage or parking lot for which a charge is made for the storing or parking of motor vehicles; and
    **(2)** a highway or other public place.

- **(d)** Notwithstanding Section 542.004, this section applies to a person, a team, or motor vehicles and other equipment engaged in work on a highway surface.

5.04   Defendant's conduct constitutes negligence per se because Defendant breached a duty imposed to him by statute or ordinance. Plaintiffs belonged to a class of persons that the statutes are designed to protect. Specifically, Defendant Leos violated TEX. TRANS. CODE § 545.401 by driving the vehicle in willful or wanton disregard for the safety of persons **in the area of HEB's parking lot**. TEX. TRANS. CODE § 545.401 applies because the car crash occurred in a **parking area provided for a patron of a business**.



Plaintiffs' Second Amended Original Petition | Page 4

### A. R<small>ECKLESS</small> C<small>ONDUCT</small>

5.05    Per the Restatements, an actor who intentionally or recklessly causes physical harm is subject to liability for a broader range of harms than the harms for which the actor would be liable if only acting negligently.

5.06    In general, the important factors in determining the scope of liability are the moral culpability of the actor, as reflected in the reasons for and intent in committing the tortious act, the seriousness of harm intended and threatened by those acts, and the degree to which the actor's conduct deviated from appropriate care.

5.07    Pleading in the alternative, Plaintiff shows that the acts and omissions of Defendant constitute recklessness. Defendant knew of the risk of harm created by the conduct, or knew facts that made the risk obvious to another in the person's situation, and the precautions that would have eliminated or reduced the risk involved burdens that were so slight relative to the magnitude of the risk as to have rendered the Defendant Leos' failures to adopt the precautions a demonstration of the Defendant's indifference to the risk.

### A. G<small>ROSS</small> N<small>EGLIGENCE</small>

5.08    Defendant Leos's acts and omissions, as previously described, were committed with complete and reckless disregard for, and with willful, wanton, and actual conscious indifference to, the rights, safety, and welfare of Plaintiffs and the general public. The nature of Defendant Leos's acts and omissions were of such a nature as to constitute gross negligence and malice. Specifically, Defendant Leos undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision as discussed above and incorporated herein, to expose Plaintiffs and others on the roadway to life threatening hazards. When viewed objectively from the standpoint of Defendant

Leos at the time of their occurrence, said acts and omissions involved an extreme degree of physical risk and danger, considering the probability and the magnitude of the potential harm to others. Defendant Leos committed various acts and omissions constituting gross negligence, as outlined above. Such gross negligence was a proximate cause of the occurrence and Plaintiffs' injuries and damages.

<b>CAUSES OF ACTION AGAINST DEFENDANT SCI</b>

A.   RESPONDEAT SUPERIOR

6.01   Plaintiff affirmatively pleads that any alleged acts or negligence of Defendant Leos were committed while he was acting in the course and scope of his employment with Defendants SCI while he was on a mission on behalf of Defendant SCI and are thus imputed to Defendant SCI under a legal theory of Respondeat superior.

B.   NEGLIGENT SUPERVISION & NEGLIGENT TRAINING

6.02   Plaintiff further pleads that Defendant SCI negligently supervised and trained their driver Defendant Leos involved in the collision with Plaintiffs while operating SCI's company vehicle with vehicle identification number (VIN) 3GTEC13C19G205098. Defendant SCI owned the vehicle involved in the incident and was responsible for supervising and training Defendant Leos while he operated the company vehicle at the time of the subject collision. Defendant SCI was negligent in their supervision and training of Defendant Leos on the occasion in question in a manner that was reasonably foreseeable by SCI, and their negligence proximately caused Plaintiffs' injuries and damages.

6.03   Plaintiffs further plead that Defendant SCI negligently trained employee Defendant LEOS. Defendant SCI owned the 2009 GMC Sierra pick-up truck with vehicle identification number (VIN) 3GTEC13C19G205098 involved in the incident and was responsible for supervising and

Copy from re:SearchTX                              **EXHIBIT A**

training Defendant LEOS while he operated the truck that caused Plaintiffs injuries. Defendant SCI was negligent in their supervision and training of Defendant LEOS on the occasion in question in a manner that was reasonably foreseeable by SCI, and their negligence proximately caused Plaintiffs' injuries and damages.

### C.  NEGLIGENT HIRING

6.04    Plaintiff further pleads that Defendant SCI owed Plaintiffs a legal duty to protect Plaintiffs from Defendant Leos's negligent driving. The Plaintiffs' injuries and damages were proximately caused by Defendant SCI's breach of said duty. In particular, Defendant SCI was negligent by hiring an incompetent, unfit, or reckless driver whom they knew, or by the exercise of reasonable case should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

### D.  NEGLIGENT ENTRUSTMENT

6.05    Plaintiff further pleads that Defendant SCI negligently entrusted a vehicle to Defendant Leos. Defendant SCI owned and/or operated the vehicle involved in the incident and consented to and permitted Defendant Leos to operate the vehicle at the time of the subject collision. Defendant SCI's employee, Leos, was an incompetent and/or reckless driver. Defendant SCI's employee, Leos, was negligent on the occasion in question in a manner that was reasonably foreseeable by SCI and his negligence proximately caused Plaintiffs' injuries and damages.

### E.  NEGLIGENT RETENTION

6.06    Plaintiff further pleads that Defendant SCI negligently retained Defendant Leos as an employee. Defendant SCI owed Plaintiffs a legal duty to protect Plaintiffs from their employee's negligent operation of its vehicle. Plaintiffs' injuries and damages were proximately caused by Defendant SCI's breach of said duty. In particular SCI was negligent in retaining their employee,

Leos, an incompetent, unfit or reckless driver whom they knew, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

    F.    GROSS NEGLIGENCE

6.07    Plaintiff alleges that all acts, conduct and omissions on the part of Defendant SCI, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiffs' injuries and damages. Defendant SCI's acts and/or omissions, when viewed objectively from SCI's standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant SCI had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence and Plaintiffs' injuries and damages. Therefore, Plaintiffs are entitled to punitive and/or exemplary damages.

## AGGRAVATION

7.01 In the alternative, if it be shown that the Plaintiffs suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of Defendants.

## JOINT AND SEVERAL LIABILITY

8..01    The Defendants are each liable for the acts of the others via joint enterprise and agency.

8.02    All Defendants are each liable for the acts of the others via non-delegable duty.

8.03    All Defendants are each liable for the acts of the others via assisting and encouraging; assisting and participating; concert of action; conspiracy via gross negligence (per *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); or a combination thereof.

## EXEMPLARY DAMAGES

9.01   Plaintiffs' injuries were due to the gross negligence of SCI in allowing Defendant LEOS to ever drive a company vehicle, especially to have his own take-home vehicle. Such dangerous conduct by Defendant SCI in enabling and failing to supervise, control or monitor LEOS driving responsibilities, is extreme conduct which merits the imposition of punitive damages. Rather, Defendant SCI's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs and community. Defendant SCI had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiffs including the community who has now been affected. Defendant SCI knew that allowing LEOS to get behind the wheel and operate a company vehicle was extremely dangerous and reckless action, yet Defendant SCI did it anyway to further their profit margins.

9.02   Plaintiffs' injuries and damages resulted from acts or omissions of Defendant SCI which, when viewed objectively from the standpoint of the Defendant at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Defendant had actual, subjective awareness of the risk involved, but nonetheless proceeded with conscious indifference to the rights, safety, or welfare of others. Accordingly, Plaintiffs seek and are entitled to recover exemplary damages based on Defendant SCI's gross negligence. *Tex. Civ. Prac. & Rem. Code §41.003.*

## ACTUAL DAMAGES

10.01   Plaintiffs, as a direct and proximate result of the negligence of Defendants and the resulting injuries, has incurred the following damages:

10.02   As a result of the Defendant's torts, Plaintiff incurred reasonable and necessary medical expenses in the past and Plaintiff's medical expenses will continue in the future.

10.03   As a result of the Defendant's torts, Plaintiff incurred physical pain and suffering in the past, and Plaintiff's physical pain and suffering will continue in the future.

10.04   As a result of the Defendant's torts, Plaintiff incurred mental anguish in the past, and Plaintiff's mental anguish will continue in the future.

10.05   As a result of the Defendant's torts, Plaintiff incurred physical impairment in the past, and Plaintiff's physical impairment will continue in the future.

10.06   As a result of the Defendant's torts, Plaintiff incurred physical disfigurement in the past, and Plaintiff's physical disfigurement will continue in the future.

10.07   Plaintiffs also seek all costs of court, actual damages, and all other relief, both at law and in equity, to which Plaintiffs may be entitled.

10.08   In all reasonable probability, Plaintiffs will continue to suffer from these injuries for the rest of their life, and Plaintiffs seek compensation for such future damages.

## PRESERVATION OF EVIDENCE

11.01   Plaintiffs hereby request and demand that Defendant and his agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs; videotapes; audiotapes; recordings; business records, memoranda; files; facsimiles; e-mails; voicemails; text messages; sales receipts; invoices; commission records; tax records; telephone messages; telephone calling card transactions; calendar entries; diary entries; any incident report; and any electronic image, data or information related to the referenced incident. Failure to maintain such items, including but not limited any other items previously requested and demanded to be

preserved before the subject lawsuit ensued, will constitute a "spoliation" of the evidence and may subject Defendants to sanctions.

## TRCP 193.7

12.01   Pursuant to Texas Rule of Civil Procedure 193.7, Defendant is hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless they make valid objections to authenticity pursuant to this rule.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

13.01   Pursuant to § 304.102 of the TEXAS FINANCE Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## CONDITIONS PRECEDENT

14.01   All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

## U.S. LIFE TABLE

15.01   Notice is hereby given to the Defendants that Plaintiffs intend to use the U.S. Life Table as prepared by the Department of Health and Human Services to help the jury in their computation of the amount of years Plaintiffs will live in pain for the rest of their lives.

## JURY DEMAND

16.01   Plaintiff demands a jury trial and tenders the requisite fee with this Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Plaintiffs recover damages from Defendant Leos in accordance with the evidence; that Plaintiffs recover costs of the court herein expended; that Plaintiffs recover interest to which Plaintiffs are justly entitled under the law, both

Copy from re:SearchTX                                                    EXHIBIT A

prejudgment and post-judgment; that Plaintiffs recover actual damages; that Plaintiffs are entitled to recover compensatory damages; and for such other further relief, both general and specific, both in law and in equity to which Plaintiffs may be justly entitled.

        Respectfully submitted:
        MARCO BASS LAW FIRM, PLLC
        1320 Guadalupe Street
        San Antonio, Texas 78207
        Tel: (210) 600-0000

BY: _____
MARCO BASS, ESQ.
State Bar No. 24106631
Marco@MarcoBass.Com
**ATTORNEY FOR PLAINTIFFS**

Copy from re:SearchTX

**EXHIBIT A**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 85391260
Filing Code Description: SECOND AMENDED PETITION
Filing Description:
Status as of 3/11/2024 1:55 PM CST

Associated Case Party: Lance McCook

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Marco Bass | | marco@marcobass.com | 3/10/2024 2:07:29 PM | SENT |

Associated Case Party: SYSTEM CONTROLS AND INSTRUMENTATION LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Judy Butcher | | jbutcher@mlllaw.com | 3/10/2024 2:07:29 PM | SENT |
| Alyssa P.Wickern | | awickern@mlllaw.com | 3/10/2024 2:07:29 PM | SENT |
| E-Service Texas | | e-servetexas@mlllaw.com | 3/10/2024 2:07:29 PM | SENT |

Associated Case Party: Alvaro Leos

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sheila MWollam | | swollam@lucerowollam.com | 3/10/2024 2:07:29 PM | SENT |
| Krysta Price | | kprice@lucerowollam.com | 3/10/2024 2:07:29 PM | SENT |
| Andrew Barrett | | abarrett@lucerowollam.com | 3/10/2024 2:07:29 PM | SENT |
| Daniel Barrett | | dbarrett@lucerowollam.com | 3/10/2024 2:07:29 PM | SENT |