IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 25-cv-00337 |
| v. | § § | |
| ALVARO LEOS, SR., LANCE MCCOOK and LATOYA MCCOOK. | § § § § | |
| Defendants. | § § | |

**DEFENDANTS LANCE MCCOOK AND LATOYA MCCOOK'S
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Lance McCook and Latoya McCook ("Defendants"), and file this Original Answer to the Plaintiffs' Complaint for Declaratory Judgment, and in support thereof would respectfully show the Court the following:

GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny each and every allegation contained in Plaintiffs' Original Complaint except those expressly admitted herein, and demand strict proof thereof as required by law. In several instances, Defendants have identified statements in the Original Complaint that are legal conclusions or non-factual statements rather than factual assertions. No response to such legal conclusions or non-factual statements is required. However, if such response is required, Defendants deny such legal conclusions and non-factual statements. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' Original Complaint. Those titles and headings are reproduced in this

Original Answer for organizational purposes only, and Defendant does not admit any matter contained in them. Defendants state that the first sentence of Plaintiffs' unnumbered introductory paragraph is a directive that requires no response. Defendants respond to the specifically numbered allegations of the Complaint as follows:

## I.  PARTIES

1. Admit to the extent that Plaintiff Amerisure Insurance Company (AIC) is authorized and registered to conduct business in Texas.

2. Admit to the extent that Plaintiff Amerisure Mutual Insurance Company (AMIC) is authorized and registered to conduct business in Texas.

3. Admit.

4. Admit to the extent that Defendant Lance McCook is an individual domiciled in the State of Texas but does not reside at 13630 Forest Walk, San Antonio, Texas 78231.

5. Admit to the extent that Defendant Latoya McCook is an individual domiciled in the State of Texas but does not reside at 13630 Forest Walk, San Antonio, Texas 78231.

## II.  JURISDICTION AND VENUE

6. Admit.

7. Admit.

## III.  JURISDICTION AND VENUE

8. Admit to the extent that the allegations set forth in the Underlying are subject to change as the case is not currently set for trial or subject to any Docket Control Order.

9. Admit to the extent that the allegations set forth in the Underlying Lawsuit are subject to change as the case is not currently set for trial or subject to any Docket Control Order.

10. Admit.

11. Admit. Defendant Leos had 24/7 access to the SCI-owned pick-up truck.

12. Admit to the to the extent that the causes of actions set forth in the Underlying are subject to change as the case is not currently set for trial or subject to any Docket Control Order.

13. Admit to the extent that these were allegations asserted in the Underlying Lawsuit. Defendants deny all characterizations of fact and law therein, except as established by public record.

14. Admit.

15. Admit to the extent this procedural history does nothing to affect the determination of coverage at dispute.

16. Admit that AIC issued the Auto Policy to System Controls & Instrumentation, LLC d/b/a SCI. Defendants have no knowledge to admit or deny where the Auto Policy was delivered to SCI. Defendants deny that the provided excerpts of the Auto Policy fully illustrate the coverage issues in dispute.

17. Admit that a Reservation of Rights letter was allegedly sent to Defendant Leos, Sr. dated June 22, 2022. Defendants have no knowledge to admit or deny whether Leos, Sr. received this notice as no Certified Mail number was included on the letter.

18. Admit to the extent that the Auto Policy sets forth that AIC will pay all sums an "insured" is legally required to pay as damages because of bodily injury. Defendants deny Plaintiffs' assertion that Alvaro Leos, Sr. is not an "insured" under the Auto Policy and that the insurance coverage does not apply to the events surrounding the Underlying Lawsuit. The Auto Policy explicitly includes coverage for employees under the Broad Form Insured endorsement, which does not require that each employee be individually named. Defendants deny that in order for Leos, Sr. to "qualify" as an "insured" the Auto Policy requires that he be operating in the course and scope of his employment with SCI. Defendants assert that the Auto Policy only requires that the

use of a covered "auto" be involved in the "accident" which results in damages because of "bodily injury" to another individual. The Auto Policy undoubtedly includes the "2009 GMC Sierra 1500 (VIN: 3GTEC13C19G205098) under the Vehicle Schedule of Coverages:

19. Admit that Plaintiffs seek the relief stated in Paragraph 19 but deny that Plaintiffs are entitled to a declaration that no duty to defend or indemnify exists. Defendants contend the policies

```
Vehicle Schedule of Coverages
Insured Name:                                              Effective Date:   Policy Number:
SYSTEM CONTROLS & INSTRUMENTATION, LLC DBA SCI             02/06/2021        CA 20859800801
                                                                             Page 1 of 9

Veh #  Description:Year,Make,Model      Vehicle Identification  Territory and Garaging Location  Zip Code  Cost New   Stated Amount
001    2012 BTX         DUMP TRAILER    16VDX1624C2310094       053 NEW BRAUNFELS, TX            78130     9,150
002    2012 BTX         DUMP TRAILER    16VDX2020C2610018       053 NEW BRAUNFELS, TX            78130     17,208
003    1967 HOBR        UTILITY TRAILER 12CW54127               012 LAREDO, TX                   78040     24,000
004    2007 RED T AXLE  UTILITY TRAILER 1LVLA16W77CL10013       053 NEW BRAUNFELS, TX            78130     24,000
005    2005 HMDE/UT     10 FT FLTBD TRA 92261                   053 NEW BRAUNFELS, TX            78130     24,000
006    2006 BLACK       16 FT TRAILER   5RECT16226H003164       003 SAN ANTONIO, TX              78224     24,000
007    2006 TRAVEL      TRAILER         1BB1F322864012769       053 NEW BRAUNFELS, TX            78130                1,000
008    2009 GMC         SIERRAC1500     3GTEC13C19G205098       012 LAREDO, TX                   78041     29,055
009    2004 CHEVROLET   SILVERADOC3500  1GBJC34264E388891       053 NEW BRAUNFELS, TX            78130     30,210
010    2007 FORD        F250SUPER DUTY  1FTSX20517EB46402       053 NEW BRAUNFELS, TX            78130     31,765
```

at issue provide coverage to Alvaro Leos, Sr. based on the plain language of the endorsements and relevant definitions.

20. Admit that Amerisure Mutual (AMIC) issued an umbrella policy but deny that the policy excludes coverage for Leos, Sr. To the extent Leos was an "insured" under the underlying Auto Policy, he also qualifies for coverage under the umbrella policy's terms.

21. Admit as to the AMIC Umbrella Policy's language referenced by the Plaintiffs, but deny the contention that Leos, Sr. does not qualify as an "insured" under the Umbrella Policy. The AMIC umbrella policy indicates coverage is afforded to "liability arising out of the ownership, maintenance, or use of 'covered autos'" and as indicated above the 2009 GMC Sierra 1500 is included as a company owned vehicle under both policies. There is no plain language that supports the Plaintiffs' assertion that Leos, Sr. must be operating the covered "auto" in the course and scope of his employment so long as he is a non-excluded driver.

22. Admit that Plaintiffs seek the relief stated in Paragraph 22 but deny that Plaintiffs are entitled to a declaration that no duty to defend or indemnify exists under the Umbrella Policy. Defendants contend the policies at issue provide coverage to Alvaro Leos, Sr. based on the plain language of the endorsements and relevant definitions.

23. In the alternative, and without waiving the foregoing, Defendant McCooks assert their entitlement to the rebuttable presumption of reasonable, usual, and customary attorney's fees, pursuant to §37.009 of the Texas Civil Practice and Remedies Code.

24. In the alternative, and without waiving the foregoing, Defendant McCooks assert that any award of attorneys' fees shall be governed by the principles set forth in Rohrmoos Venture, et al. v. UTSW DVA Healthcare, LLP, 578 S.W.3d 469, 483 (Tex. 2019).

### IV. Conclusion and Prayer

25. Admit that Plaintiffs seek the relief stated in Paragraph 23 but deny that Plaintiffs are entitled to a declaration that no duty to defend or indemnify exists under the Auto Policy or Umbrella Policy. Defendants contend the policies at issue provide coverage to Alvaro Leos, Sr. based on the plain language of the endorsements and relevant definitions.

### DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs have undertaken the defense of Alvaro Leos, Sr. under a reservation of rights. To the extent Plaintiffs have conducted themselves in a manner inconsistent with their denial of coverage, they may be estopped from denying indemnity.

2. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

### PRAYER AND RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Defendants Lance McCook and Latoya McCook

pray that that Plaintiffs take nothing by this suit against Defendants, that they recover just and equitable attorney fees under §37.009 of the Texas Civil Practice and Remedies Code in defending against such action upon final trial hereof, judgment will be rendered declaring that:

a. Defendant Leos, Sr. does qualify as an "insured" who was operating a covered "auto" pursuant to language of Amerisure Insurance commercial auto liability policy 20859800801, effective from February 6, 2021, to February 6, 2022, issued to System Controls & Instrumentation, LLC d/b/a SCI;

b. Defendant Leos, Sr. does qualify as an "insured" who was operating a covered "auto" pursuant to language of Amerisure Mutual Insurance umbrella commercial auto liability policy CU 20859830802, effective from February 6, 2021, to February 6, 2022, issued to System Controls & Instrumentation, LLC d/b/a SCI;

c. Amerisure Insurance commercial auto liability policy 20859800801, effective from February 6, 2021, to February 6, 2022, to System Controls & Instrumentation, LLC d/b/a SCI does obligate Defendant AIC to defend and indemnify Defendant Leos, Sr. and SCI, as to, from, or regarding the lawsuit *Lance McCook, Latoya McCook, Plaintiffs, vs. System Controls and Instrumentation, LLC and Alvaro Leos, Sr., Defendants*, and is pending under Cause No. 2023CI12324 in the 57th Judicial District Court of Bexar County, Texas

d. Amerisure Mutual Insurance commercial umbrella auto liability policy CU 20859830802, effective from February 6, 2021, to February 6, 2022, to System Controls & Instrumentation, LLC d/b/a SCI does obligate Defendant AMIC to defend and indemnify Defendant Leos, Sr. and SCI, as to, from, or regarding the lawsuit *Lance McCook, Latoya McCook, Plaintiffs, vs. System Controls and Instrumentation, LLC and Alvaro Leos, Sr., Defendants*, and is pending under Cause No. 2023CI12324 in the 57th Judicial District Court of Bexar County, Texas

e. Plaintiffs Lance McCook and Latoya McCook recover taxable court costs herein; and

f. Plaintiffs Lance McCook and Latoya McCook have such other and further relief to which it is entitled or will ever pray.

*[Signature Next Page]*

Respectfully submitted:

**MARCO BASS LAW FIRM, PLLC**
2119 San Pedro Ave.
San Antonio, Texas 78212
Tel: (210) 600-0000

BY: _____
Marco Bass
State Bar No. 24106631
Ryan A. Reyna
State Bar No. 24082556
marco@marcobass.com
ryan@marcobass.com
**ATTORNEYSFOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Original Answer to Plaintiff's First Amended Petition was served, pursuant to Federal Rule of Civil Procedure 5, via email, on this the 12th day of May 2025, to:

Harrison H. Yoss
State Bar No. 22169030
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8259
Telecopy: (214) 871-8209
hyoss@thompsoncoe.com
**ATTORNEYS FOR PLAINTIFFS,**
**AMERISURE INSURANCE COMPANY and**
**AMERISURE MUTUAL INSURANCE COMPANY**