## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY, | § § § § | |
| *Plaintiffs*, | § | CIVIL ACTION NO. 5:25-cv-00337-JKP-ESC |
| v. | § § § | |
| ALVARO LEOS, SR., LANCE McCOOK, and LATOYA McCOOK, | § § § | |
| *Defendants*. | § § | |

### JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

   This is a declaratory judgment action. Amerisure Insurance Company ("AIC") issued a Business Auto Policy to System Controls & Instrumentation, LLC DBA SCI ("the Auto Policy"). Amerisure Mutual Insurance Company ("AMIC") issued an Umbrella Liability policy to System Controls & Instrumentation, LLC DBA SCI ("the Umbrella Policy"). AIC and AMIC seek declarations from the Court that they owe no duty to defend or indemnify Defendant Alvaro Leos, Sr. for the claims asserted against him by Lance and Latoya McCook in the underlying lawsuit because he does not qualify as an insured under the Auto Policy or the Umbrella Policy.

   Conversely, Lance and Latoya McCook seek declarations from the Court that AIC and AMIC, pursuant to the Auto Policy and the Umbrella Policy, do owe a duty to defend or indemnify for the claims asserted against Alvaro Leos, Sr. in the underlying lawsuit.

2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction: a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy. b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists.

   There are no outstanding jurisdictional issues.

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

   There are no unserved parties.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

   The parties anticipate this declaratory judgment action will be decided via cross-motions for summary judgment. In the event it is determined factual information is necessary that is not already available, the parties will work together to determine whether any agreements or stipulations can be made about such facts.

   At this time, Defendants Lance and Latoya McCook agree to stipulate that:

   (1) No appeal was made on the trial court's order granting SCI's Traditional and No Evidence Motion for Partial Summary Judgment on Gross Negligence; and
   (2) No appeal was made on the trial court's order granting SCI's Traditional and No Evidence Motion for Summary Judgment on all remaining causes of action against SCI

   after the claims against SCI were severed by order dated January 8, 2025.

   The parties further stipulate that the trial court continued the trial of the underlying lawsuit against Alvaro Leos, Sr., in consideration of this pending declaratory judgment action.

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

   The parties anticipate this declaratory judgment action can be promptly resolved via cross-motions for summary judgment. The parties propose that a schedule be determined for submission of the parties' cross-motions for summary judgment.

6. Are there any issues about preservation of discoverable information?

   No.

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

   The parties do not currently anticipate any issues about disclosure or discovery of electronically stored information that would be relevant and/or discoverable in this declaratory judgment action. In the event there is any dispute concerning any document produced, the parties will confer concerning the production of the electronically stored information and seek the Court's assistance only if necessary to resolve any dispute.

8. What are the subjects on which discovery may be needed?

   The parties anticipate this declaratory judgment action will be decided via cross-motions for summary judgment. The parties do not anticipate the need for discovery at this time.

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

   The parties anticipate completing their Rule 26(a) initial disclosures by June 2, 2025.

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

    No discovery has been done to date. The parties anticipate this declaratory judgment action will be decided via cross-motions for summary judgment. The parties do not anticipate the need for discovery at this time.

11. What, if any, discovery disputes exist?

    None.

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

    The parties do not believe any such order is necessary.

13. Have the parties discussed early mediation?

    The parties have discussed mediation. The parties do not believe mediation is suitable for this declaratory judgment action.

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

    The parties do not believe the entry of a confidentiality and protective order is necessary at this time. The parties do not believe any other discovery items require the Court's attention at this time. The parties propose forgoing the standard Scheduling Order and proceeding with a briefing schedule for cross-motions for summary judgment.

|                          | Respectfully submitted,                                      |
|--------------------------|--------------------------------------------------------------|
| <u>May 28, 2025</u>      | <u>*/s/Harrison H. Yoss*</u>                                 |
| **Date**                 | Harrison H. Yoss                                             |
|                          | State Bar No. 22169030                                       |
|                          |                                                              |
|                          | THOMPSON, COE, COUSINS & IRONS, L.L.P.                       |
|                          | Plaza of the Americas                                        |
|                          | 700 N. Pearl Street, 25th Floor                              |
|                          | Dallas, Texas 75201-2832                                     |
|                          | Telephone: (214) 871-8259                                    |
|                          | Telecopy: (214) 871-8209                                     |
|                          | Email: hyoss@thompsoncoe.com                                 |
|                          |                                                              |
|                          | ATTORNEYS FOR PLAINTIFFS                                     |
|                          |                                                              |
| <u>May 28, 2025</u>      | <u>*/s/ Ryan A. Reyna*</u>                                   |
| **Date**                 | Marco Bass                                                   |
|                          | State Bar No. 24106631                                       |
|                          | Ryan A. Reyna                                                |
|                          | State Bar No. 24082556                                       |
|                          |                                                              |
|                          | MARCO BASS LAW FIRM, PLLC                                    |
|                          | 2119 San Pedro Ave.                                          |
|                          | San Antonio, Texas 78212                                     |
|                          | Telephone: (210) 600-0000                                    |
|                          | Email: marco@marcobass.com                                   |
|                          | Email: ryan@marcobass.com                                    |
|                          |                                                              |
|                          | ATTORNEYS FOR DEFENDANTS, LANCE MCCOOK and LATOYA MCCOOK     |